UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ESCARCEGA, | No. C 06-3693 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| A. P. KANE, warden, | |
| Respondent. / | |

### INTRODUCTION

Raul Escarcega, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for review.

### BACKGROUND

Escarcega reports in his petition that he was convicted in the Los Angeles County Superior Court of kidnapping for robbery and was sentenced to 10 years to life in prison. His petition does not challenge his conviction but instead challenges a decision by the Board of Prison Terms ("BPT") at a June 3, 2004 hearing that found him not suitable for parole.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Escarcega alleges that his right to due process was violated because there was not sufficient evidence that he posed an unreasonable risk of danger if paroled. Liberally construed, the allegation states a cognizable claim for a due process violation based on the insufficiency of the evidence to support the decision that Escarcega was not suitable for parole. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1 (1979); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir. 2006).

Escarcega also alleges that the failure of the BPT to set a release date and to provide a uniform term violated his right to due process. The California Supreme Court has determined that California state law is that a release date need not be set until the individual is found suitable for parole. The statutory scheme places individual suitability for parole above a prisoner's expectancy in early setting of a fixed date designed to ensure term uniformity. In re Dannenberg, 34 Cal. 4th 1061, 1070-71 (Cal.), cert. denied, 126 S. Ct. 92 (2005). Under state law, the matrix is not reached unless and until the prisoner is found suitable for parole. See id. at 1070-71 (discussing use of matrix in murder cases); 15 Cal. Code Regs. § 2282(a) ("[t]he panel shall set a base term for each life prisoner who is found suitable for parole"). The California Supreme Court's determination of state law in Dannenberg is binding in this federal habeas action. See Hicks v. Feiock, 485 U.S. 624, 629-30 (1988). There is no constitutionally protected liberty

interest in having a release date set or having term uniformity considered unless and until the prisoner is found suitable for parole. Escarcega was not found suitable for parole. His claims that the failure to set a release date or provide a uniform term violated his right to due process are dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons,

1. The due process claim based on insufficiency of the evidence warrants a response from respondent. All other claims are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **December 15, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **January 19, 2007.**

5. Petitioner's in forma pauperis application is DENIED because he has ample funds to pay the $5.00 filing fee. (Docket # 2, # 4.) Petitioner must pay the $5.00 filing fee no later than **November 24, 2006** or this action will be dismissed.

IT IS SO ORDERED.

DATED: November 8, 2006

SUSAN ILLSTON
United States District Judge